■ In the Matter of CAROL KROM, Appellant, v ROGER J. COMERFORD, Respondent. — Appeal from an order of the Family Court of Ulster County (Elwyn,

J.), entered April 2, 1981, which denied petitioner's application for a change of custody. The parties were divorced in 1975 and the custodial issue was referred to Family Court. On April 15, 1976, Family Court awarded custody of the parties' only child to respondent father with visitation rights to petitioner mother. On January 16, 1978, Family Court modified its prior order by expanding petitioner's rights of visitation. In February, 1979, respondent moved to the State of Texas to obtain gainful employment and left the child with his mother, a resident of the City of Kingston. On August 11, 1980, petitioner applied for a change in custody based upon an extraordinary or material change in the circumstances of the custodial parent. On September 3, 1980, Family Court awarded temporary custody to respondent's mother and proceeded to trial with both parties represented by counsel and the infant by a Law Guardian. This appeal by petitioner is from the order denying the requested relief of a change in custody, vacating the temporary custody awarded to the child's grandparent and the continuation of full custody in respondent. Family Court concluded that the only change in circumstances since respondent was awarded custody is that he moved to Texas in order to enhance his employment opportunities as a contractor. Before moving, he arranged for temporary custody of his child with his mother and has forwarded from Texas approximately $100 each month for the child's maintenance. Family Court concluded that such conduct was not so extraordinary or material as to effect a change of custody, particularly in light of respondent's plan to remarry and establish a household in Texas where he will raise his son. We see no reason to disturb the order of Family Court. Priority as to the custody of children should be accorded to the first custody awarded in litigation or by voluntary agreement in the absence of any markedly changed circumstances affecting the well-being or best interests of the children (*Matter of Nehra v Uhlar,* 43 NY2d 242). Here, the initial award of custody was granted to respondent after a full and complete trial. No appeal was taken from that initial award. Other than respondent's move to Texas, no other factor is present which requires a modification or reversal of the original order. Order affirmed, without costs. Mahoney, P. J., Sweeney, Mikoll, Yesawich, Jr., and Levine, JJ., concur.